UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES HAFKE,

       Plaintiff,                               Case No. 1:11-cv-220

v.                                                    HON. JANET T. NEFF

THE ROSSDALE GROUP, LLC,

       Defendant.
_____/

## MEMORANDUM OPINION

      Pending before the Court are Defendant's "Motion for Costs & Fees Pursuant to 28 USC 1927" (Dkt 25) and "Defendant's Motion to Strike Plaintiff's Response to Defendant's Motion for Sanctions" (Dkt 30), following the Court's dismissal of this "Unsolicited Commercial E-Mail Protection Act" action (*see* Op. & Or., Dkts 21, 22). Plaintiff has filed a "response"[1] (Dkt 27) to the Costs and Fees Motion, and Defendant has filed a "reply"[2] (Dkt 28). Plaintiff thereafter filed an additional "surreply"[3] (Dkt 29), which Defendant has moved to strike for failure to comply with the local rules for briefing nondispositive motions. *See* W.D. Mich. LCivR 7.3. Plaintiff has filed a response (Dkt 31) to Defendant's Motion to Strike. For the reasons that follow, the Court summarily

---

[1] Titled: "Plaintiff's [sic] Answer to Defendant's First/Second/Third Request for Sanctions under 28 USC 1927 (and Rule 11)"

[2] Titled: "Defendant's Opposition to Plaintiff's Answer to Defendant's Request for Costs and Fees under 28 USC 1927"

[3] Titled: "Plaintiff's Answer to Defendant's Fourth Motion Filed Called 'Reply (Response)/Opposition to Plaintiff's Answer to Defendant's Request for Costs and Fees under 28 USC 1927 28 USC 1927'"

denies the Motion for Fees and Costs and denies the Motion to Strike as lacking merit and effectively moot.

Defendant moves for an award of fees and costs as sanctions against Plaintiff on the grounds that Plaintiff willfully and repeatedly disobeyed this Court's orders for briefing and ultimately filed a nonresponsive brief, which exhibits "'bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order'" (Def. Br., Dkt 25 at 3, quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 46 ( 1991)). Further, Defendant contends Plaintiff violated 28 U.S.C. § 1927 by "unreasonably multiplying the proceedings in this matter" (*id.* at 4).

In response, Plaintiff correctly points out that this case presented novel and somewhat complex issues of jurisdiction and preemption under federal and state anti-spam statutes, Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 (CAN-SPAM), 15 U.S.C. § 7701 *et seq.*, and the Unsolicited Commercial E-Mail Protection Act, MICH. COMP. LAWS § 445.2503. Plaintiff also points to various shortcomings in Defendant's legal arguments and briefing throughout this case.

The Court takes note of Defendant's complaints concerning the substandard briefing on the part of Plaintiff. But as this Court noted in its Opinion dismissing this case, much of the briefing filed by both parties was not helpful in resolving the issues presented (Dkt 21 at 1). The record speaks for itself in this case, which has not been effectively or efficiently litigated by either party. The Court in fact entered an Order to Show Cause in response to inadequate briefing from both parties, expressly stating: "The Court having *reviewed the parties' respective filings and found them inadequate* to resolve the matter of jurisdiction … (Dkt 14) (emphasis added).

In light of the record and above circumstances, no basis exists for an award of fees and costs to Defendant as sanctions. Defendant's Motion for Costs & Fees Pursuant to 28 U.S.C. § 1927 (Dkt 25) is therefore summarily denied.

The Court also denies Defendant's Motion to Strike Plaintiff's Response to Defendant's Motion for Sanctions (Dkt 30). Neither party's briefing complies with Local Rule 7.3, which permits only a brief and response to be filed with respect to nondispositive motions, absent leave of the Court. Because both parties' additional briefing (Dkts 28, 29) was filed without leave of the Court, contrary to Local Rule 7.3, Defendant's Motion to Strike lacks merit. Moreover, because Defendant's motion for fees and costs is summarily denied, the Motion to Strike is effectively moot.

An Order will be entered consistent with this Opinion.


DATED: May 30, 2012        /s/ Janet T. Neff
                                           JANET T. NEFF
                                           United States District Judge